UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:04-CR-00037-R

UNITED STATES OF AMERICA                                     P L A I N T I F F

v.

RUSSELL SUBLETT                                              DEFENDANT

**OPINION AND ORDER**


The prosecution filed a Motion in Limine to exclude the expert testimony of Dr. DeLand. (Docket # 59).  The Defendant responded (Docket # 66), and the prosecution replied to that Response.  (Docket # 67).  The matter is ripe for adjudication. The Court now DENIES the Motion in Limine to exclude Dr. DeLand's expert testimony.


**BACKGROUND**


Proposed expert witness, Dr. Frank DeLand, conducted a psychiatric examination of Defendant.  In his report, Dr. DeLand states that "the evidence presented does not support an assertion that Mr. Sublett was psychotic during the time in question."  However, he also found that Defendant's "mental status was significantly deteriorating during [the time of the events in question] due to factors somewhat beyond his control."  Specifically, Dr. DeLand cites that Defendant's sudden "discontinuation of his antianxiety and antidepressant medications" and other external stressors in his life could cause "anxiety, agitation, depression, confusion, and other symptoms."  Dr. DeLand further opined that since Defendant had been taking psychiatric

medication for years, it was likely he exhibited at least some of these symptoms as a result of his discontinuance of the medication and the outside stressors

The defense states that Dr. DeLand's testimony would not be used to prove an affirmative defense of insanity - that Defendant is not guilty because he could not understand the wrongfulness of his actions.[1]  Instead, the defense proposes to call Dr. DeLand to show that Defendant was mentally incapable of forming the *mens rea* required to convict him of a specific intent crime.

## DISCUSSION

Two distinct arguments relating to mental disease or defect may be relevant to a criminal defense: "'diminished responsibility' where a defendant's insanity absolves him of criminal responsibility, and 'diminished capacity' where the mental condition is such that the defendant cannot form the culpable mental state." *United States v. Clark*, 294 F.3d 791, 793 (6th Cir. 2002) (citing *United States v. Kimes*, 246 F.3d 800 (6th Cir. 2001)) (a case involving diminished responsibility).[2]  Here, the defense proposes to present expert testimonial evidence showing Defendant's diminished capacity.  In the present case, the prosecution bears the burden to show beyond a reasonable doubt that Defendant possessed the required *mens rea* to commit the specific intent crimes charged.  The defendant also has a right to present evidence rebutting the

---

[1]See 18 U.S.C. § 17 for a description of the insanity defense.

[2]Diminished capacity serves only as a defense to specific intent crimes.  *United States v. Veach*, 455 F.3d 628, 631 (6th Cir. 2006).  The inchoate attempt crimes for which Defendant was indicted are specific intent crimes.  *Braxton v. United States*, 500 U.S. 344, 349 (1991).

2

claims that he possessed the requisite *mens rea* because of his diminished capacity. *Veach*, 455 F.3d at 633-34. Therefore, since a Defendant's mental status or condition might prove or disprove the existence of *mens rea*, a psychiatric expert such as Dr. DeLand might present relevant evidence regarding Defendant's mental state, even though Defendant does not claim the defense of insanity. *See* Fed. R. Evid. 401 and 402.

The prosecution suggests that Dr. DeLand's testimony would primarily support an insanity defense; in other words, Dr. DeLand would testify that Defendant should not be held responsible for his actions because he was unable to understand their wrongfulness. Dr. DeLand, however, has not asserted any information that indicates that Defendant would be unable to understand the wrongfulness of his actions, and confirms that Defendant was not suffering from a psychosis at the time. Since Dr. DeLand could not directly testify to Defendant's capacity to understand the wrongfulness of his actions at the time under Federal Rule of Evidence 704(b), he offers no support for a diminished responsibility or insanity defense.

As discussed above, though, the defense chooses to offer Dr. DeLand's testimony to show most likely that Defendant had a deteriorating mental condition and possible "anxiety, agitation, depression, confusion, and other symptoms." "[E]ven if [the Defendant is] not technically entitled to rely on a defense of mental disease, he [is], nevertheless, entitled to introduce evidence relevant to his mental state at the time of the crime." *United States v. Campbell*, 675 F.2d 815, 824 (6th Cir. 1982) (Martin, J., concurring) (superseded on other grounds).

Federal Rule of Evidence 704(b) prohibits an expert in a criminal trial from testifying specifically as to whether the Defendant did or did not have the requisite mental state necessary for conviction. In testifying, though, the expert may testify as to the typical mental state of a

person with a mental disease or defect possessed by a defendant and imply whether a hypothetical person so afflicted might have the requisite mental state. *United States v. West*, 962 F.2d 1243 (7th Cir. 1992). The expert cannot go so far as to describe virtually all the characteristics of the Defendant, and then describe the likely mental condition of that thinly veiled hypothetical person. *United States v. Thigpen*, 4 F.3d 1573 (11th Cir. 1993).

The prosecution notes that Dr. DeLand's written statement does not explicitly state that Defendant had a particular mental defect causing him an inability to form the requisite intent for conviction.[3] The defense seeks for Dr. DeLand to describe that the symptoms, stressors, and medical background of Defendant characterize a person with an inability to form the required specific intent. While Dr. DeLand states that Defendant suffered from no psychoses at the time, his examination of Defendant's medical history shows other factors which could induce an abnormal mental state which might cause a person to be able to form the required specific intent. In particular, Dr. DeLand found that Defendant had suffered from depression in the past and was potentially suffering effects from suddenly discontinuing his use of anitdepressant and antianxiety medications, including "anxiety, agitation, depression, confusion, and other symptoms." It appears from his report that Dr. DeLand would testify as to the symptoms of a person with a history of depression who had suddenly discontinued use of his medications and

---

[3]Dr. DeLand cannot point to any facts reliably laid out in his examination which identify Defendant's behavior with the symptoms of any particular disorder. Additionally, the psychological testing performed by Dr. DeLand and his associate, Christopher A. Michno, was deemed inconclusive and unsound. Defendant provided too many extreme answers, indicating that the individual tested exaggerated or did not understand the questions asked, invalidating the results. Mr. Michno indicated that this aberration likely stemmed from Defendant's attempt to seek attention and "appear more disturbed than he is." Mr. Michno found it unlikely that Defendant misunderstood the test or the questions asked, as he requested clarification when he needed it and had no trouble following the instructions set forth.

describe the mental health repercussions which tend to affect persons in that situation, *i.e.*, depression, anxiety, and confusion. The jury could then infer whether Defendant also suffered from those symptoms at the time, and whether the symptoms interfered with his ability to form the requisite *mens rea* for a conviction. Thus, Dr. DeLand may present relevant testimony as to Defendant's mental condition without directly discussing Defendant's ability to form the required *mens rea* in contravention of Federal Rule of Evidence 704(b). Dr. DeLand may not testify as to the ultimate issue of *mens rea*. The jury can determine whether a person who most likely is depresses, confused, and anxious has specific *mens rea* sufficient for the crime charged.

Lastly, the prosecution contends that Dr. DeLand's testimony should be excluded pursuant to Federal Rule of Evidence 403. Relevant evidence may be excluded where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Courts have held that

> psychiatric evidence (1) will only rarely negate specific intent, (2) presents an inherent danger that it will distract the jury from focusing on the actual presence or absence of *mens rea*, and ('may easily slide into wider usage that opens up the jury to theories of defense more akin to justification[,]' district courts must examine such psychiatric evidence carefully to ascertain whether it would, if believed, 'support a legally acceptable theory of lack of *mens rea*.'"

*United States v. Moran*, Nos. 90-5024, 90-5025, 1991 WL 125461 at *3 (4th Cir. Oct. 24, 1991) (citing *United States v. Cameron*, 907 F.2d 1051, 1065 (11th Cir. 1990)) (indicating that "psychiatric testimony aimed at negating specific intent... [may be] properly excluded as a matter of discretion").

The prosecution suggests that Dr. DeLand's testimony of mental state is inconclusive and not strongly probative in negating *mens rea*. The prosecution also contends that the introduction of this evidence will be confusing to the jury and require the prosecution to present extensive

rebuttal evidence which may also distract and confuse the jury.[4]   In this case, however, Dr. DeLand's testimony is a logical and direct method of presenting evidence of Defendant's agitated mental state for the jury to consider in determining whether Defendant had the *mens rea* necessary for his conviction of the specific intent crimes charged.   As the defense's primary method of showing diminished capacity and rebutting the prosecution's case that Defendant did fulfill all the elements of the crimes for which he was indicted, the probative value of Dr. DeLand's testimony is significant.

To determine whether the dangers of "unfair prejudice, confusion of the issues..., misleading the jury..., undue delay, waste of time, or needless presentation of cumulative evidence" will substantially outweigh the probative value of Dr. DeLand's testimony, the resulting effect Dr. DeLand's testimony will have on the litigation must be considered.   Here, the prosecution states that it would counter Dr. DeLand's testimony with that of another expert, presumably theorizing that a person with a history of depression who recently stopped taking his medicine would not suffer from these symptoms.   The Court finds the probative value of the evidence outweighs any prejudice or confusion of the issues.   Therefore, Dr. DeLand's testimony is admissible under Federal Rule of Evidence 403.

---

[4]In particular, the prosecution indicates that it would need to introduce a contrasting mental health professional opinion and an extensive history of Defendant's illegal or violent acts to show that his actions in this matter were not the result of a recently induced change in his mental status.

**CONCLUSION**

IT IS ORDERED: That the prosecution's Motion in Limine to exclude the expert testimony of

Dr. DeLand is hereby DENIED.