UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO.: 1:04-CR-00037-R

UNITED STATES v. Russell L. Sublett

# JURY INSTRUCTIONS

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
2007 FEB -7  PH 5:26

# INSTRUCTION NO. 1

## Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the Defendant is accused of committing.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the Defendant has pleaded not guilty to the crimes charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells a Defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a Defendant is innocent. This presumption of innocence stays with the Defendant unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that a Defendant is guilty, and this burden stays on the Government from start to finish. You must find a Defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

3

## INSTRUCTION NO. 3

A Defendant has an absolute right not to testify.  The fact that he did not testify cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the Government to prove the Defendant guilty beyond a reasonable doubt.  It is not up to the Defendant to prove that he is innocent.

## INSTRUCTION NO. 4

### Direct and Circumstantial Evidence

You have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 5

### Attempted Murder
### Alleged in
### Counts 1, 8, 10, 12, 14, 16, 18

Title 18, United States Code, Sections 1113 and 1114 make it a federal crime for any

person to attempt to kill any officer or employee of the United States or of any agency in any

branch of the United States Government while such officer or employee is engaged in or on

account of the performance of official duties, or any person assisting such an officer or employee

in the performance of such duties or an account of that assistance.

The Defendant can be found guilty of the offenses charged in Counts 1, 8, 10, 12, 14, 16,

and 18 only if the Government proves all of the following facts relating to that Count beyond a

reasonable doubt:

*First*:   That the Defendant did something that was a substantial step toward killing the

federal agent or officer, or person assisting a federal agent or officer, identified in

each Count as charged;

*Second*: That the Defendant intended to kill the federal agent or officer, or person

assisting the federal agent or officer, identified in each Count when the Defendant

took that substantial step; and

*Third*:   That, at the time, the alleged victim of attempted murder identified by each Count

was either a federal agent or officer engaged in his official duties as an officer of

the United States or was assisting such an officer in the performance of such

duties.

Each of these Counts 1, 8, 10, 12, 14, 16, and 18 charge the attempted murder of federal

6

officers or persons assisting federal officers engaged in their official duties.  Specifically, each of the Counts refer to the following events:

- Count 1 alleges that, on or about September 29, 2004, Defendant attempted to murder federal agent David Hayes (D.H.) as he performed his official duties as a federal officer.

- Count 8 alleges that, on or about October 2, 2004, Defendant attempted to murder federal agent Jeff Brouse (J.B.) as he performed his official duties as a federal officer

- Count 10 alleges that, on or about September 29, 2004, and on a different occasion than that asserted in Count 1,  Defendant attempted to murder:

  federal agent David Hayes (D.H.) as he performed his official duties as a federal officer; or

  Gary Travis (G.T.), a Kentucky State Police Detective assisting David Hayes in his duties as a federal agent.

- Count 12 alleges that, on or about September 29, 2004, and on a different occasion than that asserted in Counts 1 and 10, Defendant attempted to murder:

  federal agent David Hayes (D.H.) as he performed his official duties as a federal officer; or

  Gary Travis (G.T.), Jeff Mayberry (J.M.), William Payton (W.P.), Eric Evans (E.E.), or Larry Davis (L.D.), all officers with the Kentucky State Police, who were assisting David Hayes in his duties as a federal agent.

- Count 14 alleges that, on or about September 30, 2004, Defendant attempted to

murder Kentucky State Police officer Anthony Fannin (A.F.) as he assisted

federal agents in the performance of their official duties.

- Count 16 alleges that, on or about October 1, 2004, Defendant attempted to

    murder federal agent William Morgan (W.M.), John Jacques (J.J.), or Kevin

    Rollins (K.R.) as they performed their official duties as federal officers.

- Count 18 alleges that, on or about October 2, 2004, and on a different occasion

    from that alleged in Count 8, Defendant attempted to murder federal agent

    William Morgan (W.M.), John Jacques (J.J.), or Kevin Rollins (K.R.) as they

    performed their official duties as federal officers.

The Defendant does not have to know that the agent or officer named in each Count was a

federal officer or a person assisting such an officer in the performance of such duties.

Merely preparing to commit a crime is not a substantial step.  The Defendant's conduct

must go beyond mere preparation, and must strongly confirm that he intended to kill the agent or

officer, but does not have to prove that the Defendant did everything except the last act necessary

to complete the crime.  A substantial step beyond mere preparation is enough.

The "substantial step" required to establish an attempt must be something beyond mere

preparation; it must be an act which, unless frustrated by some condition or event, would have

resulted, in the ordinary and likely course of things, in the commission of the crime being

attempted.

The Government may have presented evidence of several acts taken by the Defendant,

each of which may constitute a "substantial step."  In that event, you must all unanimously agree

upon which act constituted the substantial step.

8

If you are convinced that the Government has proved all of the listed elements as to any charged attempted murder, say so by returning a guilty verdict on that Count.  If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty on that Count.

## INSTRUCTION NO. 6

### Carjacking
### Alleged in
### Count 2

Title 18, United States Code, Section 2119 makes it a federal crime for any person to take a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another, by force and violence, or by intimidation with the intent to cause death or serious bodily harm.

The Defendant can be found guilty of the offense charged in Count 2 only if the Government proves each and every one of the following facts beyond a reasonable doubt:

*First*:   That, on or about September 29, 2004, the Defendant took a motor vehicle from the person or presence of another;

*Second*: That the Defendant did so by force and violence or by intimidation;

*Third*:   That the motor vehicle previously had been transported, shipped, or received in interstate or foreign commerce.  In this case, the Government and the Defendant have agreed that the motor vehicle previously had been transported, shipped, or received in interstate or foreign commerce; and

*Fourth*:   That the Defendant intended to cause death or serious bodily harm when the Defendant took the motor vehicle.

The term "by force and violence" means the use of actual physical strength or actual physical violence.

The term "by intimidation" means the commission of some act or the making of some statement that would put a reasonable person of ordinary sensibilities in fear of bodily harm.  It is

10

not necessary for the Government to prove that the alleged victim was actually placed in fear.

Whether the Defendant "intended to cause death or serious bodily harm" is to be judged objectively from the conduct of the Defendant as disclosed by the evidence and from what one in the position of the alleged victim might reasonably conclude. If you find beyond a reasonable doubt that the Defendant had such an intent, the Government has satisfied this element of the offense.

The term "serious bodily injury" means bodily injury which involves a substantial risk of death, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, or mental faculty.

If you are convinced that the Government has proved all of the listed elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty of this charge.

## INSTRUCTION NO. 7

### Using, Carrying, Brandishing, or Discharging a Firearm
### during and in Relation to a Crime of Violence – Attempted Murder
### Alleged in
### Count 3

Title 18, United States Code, Section 924(c)(1)(A)(iii) makes it a federal crime for any person to use, carry, brandish, or discharge a firearm during and in relation to a crime of violence for which the person may be prosecuted in a court of the United States.

The Defendant can be found guilty of the offense charged in Count 3 only if the Government proves all of the following facts beyond a reasonable doubt:

*First*:  That the Defendant committed the crime described in Count 1, the attempted murder of federal agent David Hayes (D.H.) on or about September 29, 2004. Attempted murder of a federal agent in the performance of his official duties is a crime of violence which may be prosecuted in a court of the United States.

*Second*: That the Defendant knowingly used, carried, brandished, or discharged a firearm.

*Third*:  That the use, carrying, brandishing, or discharging of the firearm was during and in relation to the attempted murder described in Count 1.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty of this charge.

12

## INSTRUCTION NO. 8

### Using, Carrying, or Brandishing a Firearm
### during and in Relation to a Crime of Violence – Carjacking
### Alleged in
### Count 4

Title 18, United States Code, Section 924(c)(1)(A)(iii) makes it a federal crime for any person to use, carry, or brandish a firearm during and in relation to a crime of violence for which the person may be prosecuted in a court of the United States.

The Defendant can be found guilty of the offense charged in Count 4 only if all of the following facts are proved beyond a reasonable doubt:

*First*:   That the Defendant committed the crime charged in Count 2.  Carjacking is a crime of violence which may be prosecuted in a court of the United States.

*Second*: That, on or about September 29, 2004, the Defendant knowingly used, carried, or brandished a firearm.

*Third*:   That the use, carrying, or brandishing of the firearm was during and in relation to the crime charged in Count 2.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty of this charge.

## INSTRUCTION NO. 9

### Using, Carrying, or Discharging a Firearm
### during and in Relation to a Crime of Violence – Attempted Murder
### Alleged in
### Count 9

Title 18, United States Code, Section 924(c)(1)(A)(iii) makes it a federal crime for any

person to use, carry, or discharge a firearm during and in relation to a crime of violence for which

the person may be prosecuted in a court of the United States.

The Defendant can be found guilty of the offense charged in Count 9 only if the

Government proves all of the following facts beyond a reasonable doubt:

*First*:  That the Defendant committed the crime described in Count 8, the attempted

murder of federal agent Jeff Brouse (J.B.)on or about October 2, 2004.

Attempted murder of a federal agent in the performance of his official duties is a

crime of violence which may be prosecuted in a court of the United States.

*Second*: That the Defendant knowingly used, carried, or discharged a firearm.

*Third*:  That the use, carrying, or discharging of the firearm was during and in relation to

the attempted murder described in Count 8.

If you are convinced that the Government has proved all of these elements, say so by returning a

guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then

you must find the Defendant not guilty of this charge.

14

INSTRUCTION NO. 10

**Using, Carrying, or Discharging a Firearm
during and in Relation to a Crime of Violence – Attempted Murder
Alleged in
Count 11**

Title 18, United States Code, Section 924(c)(1)(A)(iii) makes it a federal crime for any

person to use, carry, or discharge a firearm during and in relation to a crime of violence for which

the person may be prosecuted in a court of the United States.

The Defendant can be found guilty of the offense charged in Count 11 only if the

Government proves all of the following facts beyond a reasonable doubt:

*First*:  That the Defendant committed the crime described in Count 10, the attempted

murder of federal agent David Hayes (D.H.) or Kentucky State Police Officer

Gary Travis (G.T.) on or about September 29, 2004, on a different occasion than

that asserted in Count 3.

Attempted murder of a federal agent in the performance of his official duties is a

crime of violence which may be prosecuted in a court of the United States.

Attempted murder of a person on account of his assistance of a federal agent in

the performance of his official duties is also a crime of violence which may be

prosecuted in a court of the United States.

*Second*: That the Defendant knowingly used, carried, or discharged a firearm.

*Third*:  That the use, carrying, or discharging of the firearm was during and in relation to

the attempted murder described in Count 10.

If you are convinced that the Government has proved all of these elements, say so by returning a

15

guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then

you must find the Defendant not guilty of this charge.

## INSTRUCTION NO. 11

### Using, Carrying, or Discharging a Firearm
### during and in Relation to a Crime of Violence – Attempted Murder
### Alleged in
### Count 13

Title 18, United States Code, Section 924(c)(1)(A)(iii) makes it a federal crime for any person to use, carry, or discharge a firearm during and in relation to a crime of violence for which the person may be prosecuted in a court of the United States.

The Defendant can be found guilty of the offense charged in Count 13 only if the Government proves all of the following facts beyond a reasonable doubt:

*First*:   That the Defendant committed the crime described in Count 12, the attempted murder of federal agent David Hayes (D.H.) or of one of Kentucky State Police officers Gary Travis (G.T.), Jeff Mayberry (J.M.), William Payton (W.P.), Eric Evans (E.E.), or Larry Davis (L.D.) on or about September 29, 2004, on a different occasion than that asserted in Counts 3 and 11.

Attempted murder of a federal agent in the performance of his official duties is a crime of violence which may be prosecuted in a court of the United States.

Attempted murder of a person on account of his assistance of a federal agent in the performance of his official duties is also a crime of violence which may be prosecuted in a court of the United States.

*Second*: That the Defendant knowingly used, carried, or discharged a firearm.

*Third*:   That the use, carrying, or discharging of the firearm was during and in relation to the attempted murder described in Count 12.

17

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty of this charge.

## INSTRUCTION NO. 12

### Using, Carrying, or Discharging a Firearm
### during and in Relation to a Crime of Violence – Attempted Murder
### Alleged in
### Count 15

Title 18, United States Code, Section 924(c)(1)(A)(iii) makes it a federal crime for any person to use, carry, or discharge a firearm during and in relation to a crime of violence for which the person may be prosecuted in a court of the United States.

The Defendant can be found guilty of the offense charged in Count 15 only if the Government proves all of the following facts beyond a reasonable doubt:

*First*:  That the Defendant committed the crime described in Count 14, the attempted murder of Kentucky State Police officer Anthony Fannin (A.F.), while he was assisting federal agents in the performance of their official duties on or about September 30, 2004.

Attempted murder of a person on account of his assistance of a federal agent in the performance of his official duties is a crime of violence which may be prosecuted in a court of the United States.

*Second*: That the Defendant knowingly used, carried, or discharged a firearm.

*Third*:  That the use, carrying, or discharging of the firearm was during and in relation to the attempted murder described in Count 14.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty of this charge.

## INSTRUCTION NO. 13

### Using, Carrying, or Discharging a Firearm
### during and in Relation to a Crime of Violence – Attempted Murder
### Alleged in
### Count 17

Title 18, United States Code, Section 924(c)(1)(A)(iii) makes it a federal crime for any person to use, carry, or discharge a firearm during and in relation to a crime of violence for which the person may be prosecuted in a court of the United States.

The Defendant can be found guilty of the offense charged in Count 17 only if the Government proves all of the following facts beyond a reasonable doubt:

*First*: That the Defendant committed the crime of violence described in Count 16, the attempted murder of federal agent William Morgan (W.M.), John Jacques (J.J.), or Kevin Rollins (K.R.) on or about October 1, 2004.

Attempted murder of a federal agent in the performance of his official duties is a crime of violence which may be prosecuted in a court of the United States.

*Second*: That the Defendant knowingly used, carried, or discharged a firearm.

*Third*: That the use, carrying, or discharging of the firearm was during and in relation to the attempted murder described in Count 16.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty of this charge.

20

## INSTRUCTION NO. 14

### Using, Carrying, or Discharging a Firearm
### during and in Relation to a Crime of Violence – Attempted Murder
### Alleged in
### Count 19

Title 18, United States Code, Section 924(c)(1)(A)(iii) makes it a federal crime for any person to use, carry, or discharge a firearm during and in relation to a crime of violence for which the person may be prosecuted in a court of the United States.

The Defendant can be found guilty of the offense charged in Count 19 only if the Government proves all of the following facts beyond a reasonable doubt:

*First*: That the Defendant committed the crime described in Count 18, the attempted murder of federal agent William Morgan (W.M.), John Jacques (J.J.), or Kevin Rollins (K.R.) on or about October 2, 2004, on a different occasion from that alleged in Count 9.

Attempted murder of a federal agent in the performance of his official duties is a crime of violence which may be prosecuted in a court of the United States.

*Second*: That the Defendant knowingly used, carried, or discharged a firearm.

*Third*: That the use, carrying, or discharging of the firearm was during and in relation to the attempted murder described in Count 18.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty of this charge.

21

## INSTRUCTION NO. 15

The previous Instructions, I have told you the facts you must find beyond a reasonable doubt to find the Defendant guilty of using, carrying, brandishing, or discharging a firearm under Counts 3, 4, 9, 11, 13, 15, 17, and 19.  Here are some definitions to aid you in applying the previous Instructions.

To establish "use," the Government must prove active employment of the firearm during and in relation to the relevant crime of violence charged in Count 1, 2, 8, 10, 12, 14, 16, or 18, respectively.  "Active employment" means activities such as brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm.  "Use" also includes a person's reference to a firearm in his possession for the purpose of helping to commit the relevant crimes charged, respectively, in Counts 1, 2, 8, 10, 12, 14, 16, and 18.  "Use" requires more than mere possession or storage.

"Carrying" a firearm includes carrying it on or about one's person.  "Carrying" also includes knowingly possessing and conveying a firearm in a vehicle which the person accompanies, including in the glove compartment or trunk.

The term "firearm" means any weapon which will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive.  The term "firearm" also includes the frame or receiver of any such weapon, and any firearm muffler or firearm silencer, and any destructive device.  The firearm need not be loaded.

The term "during and in relation to" means that the firearm must have some purpose or effect relating to, respectively, the relevant crimes charged in Counts 1, 2, 8, 10, 12, 14, 16, and 18;

22

in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crimes charged in Counts 1, 2, 8, 10, 12, 14, 16, and 18, and its presence or involvement cannot be the result of accident or coincidence.

      The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

## INSTRUCTION NO. 16

### Possession of an Unregistered Firearm
### Alleged in
### Count 5

Title 26, United States Code, Section 5861(d), makes it a federal crime of offense for

anyone to possess certain kinds of firearms that are not registered to him in the National Firearms

Registration and Transfer Record.

Title 26, United States Code, Section 5845, defines "firearm" as including a shotgun with

a barrel length of less than 18 inches and an overall length of less than 26 inches.

The Defendant can be found guilty of that offense only if each and every one of the

following facts are proved beyond a reasonable doubt:

*First*:   That the Defendant possessed a "firearm," as defined above, on or about

September 24, 2004;

*Second*: That the "firearm" was not then registered to the Defendant in the National

Firearms Registration and Transfer Record.  In this case, the Government and the

Defendant have agreed that the "firearm" was not then registered to the Defendant

in the National Firearms Registration and Transfer Record; and

*Third*:   That the Defendant knew of the specific characteristics or features of the firearm

that caused it to be registrable under the National Firearms Registration and

Transfer Record.

You will notice that it is not necessary for the Government to prove that the Defendant

knew that the item described in the Indictment was a "firearm" which the law requires to be

registered; it is sufficient if the Government has proved beyond a reasonable doubt that the

24

Defendant knew or was aware of the specific characteristics or features of the firearm that caused it to be within the scope fo the Act, namely, that it was a shotgun with a barrel length of less than 18 inches and an overall length of less than 26 inches, and that it was not then registered to the Defendant in the National Firearms Registration and Transfer Record.

Next, I want to explain something about possession. The Government does not necessarily have to prove that the Defendant physically possessed the shotgun with a barrel length of less than 18 inches and an overall length of less than 26 inches for you to find him guilty of this crime. The law recognizes two kinds of possession – actual possession and constructive possession. Either one of these, if proved by the Government, is enough to convict.

To establish actual possession, the Government must prove that the Defendant had direct, physical control over the shotgun, and knew that he had control of it.

To establish constructive possession, the Government must prove that the Defendant had the right to exercise physical control over the shotgun, and knew that he had this right, and that he intended to exercise physical control over the shotgun at some time, either directly or through other person.

For example, if you left something with a friend and intended to come back later and pick it up, or intended to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The Government must prove that the Defendant had actual or constructive possession of the shotgun, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements then you must find the Defendant not guilty of this charge.

## INSTRUCTION NO. 17

### Separate Consideration - Single Defendant Charged with Multiple Crimes

The Defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

27

## INSTRUCTION NO. 18

### Inferring Required Mental State

Next I want to say something about proving a Defendant's state of mind.  To determine whether Defendant is guilty of some of the crimes charged, you must decide whether he intended to perform certain actions.

Ordinarily, there is no way that a Defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a Defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the Defendant said, what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that show what was in the Defendant's mind.

You may also consider the natural and probable results of any acts that the Defendant knowingly did and whether it is reasonable to conclude that the Defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 19

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits, and stipulations that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 20

Next, I want to say a word about the dates mentioned in the Indictment.

The Indictment charges that the crimes happened "on or about" certain dates between September 24 and October 2, 2004.  The Government does not have to prove that the crimes happened on those exact dates.  But the Government must prove that the crimes happened reasonably close to the named dates.

30

## INSTRUCTION NO. 21

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

**INSTRUCTION NO. 22**

During the trial you heard the testimony of Dr. Frank DeLand and Dr. Ron Nieberding. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## INSTRUCTION NO. 23

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

33

**INSTRUCTION NO. 24**

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

**INSTRUCTION NO. 25**

If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours.

Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 26

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

## INSTRUCTION NO. 27

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the Defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 28

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the Defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves the Defendant's guilt beyond a reasonable doubt.

To find the Defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 29

I have prepared a verdict form that you should use to record your verdict.

If you decide that the Government has proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

**INSTRUCTION NO. 30**

Let me finish by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Government has proved the Defendant guilty beyond a reasonable doubt.

40