UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:04-CR-37

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

RUSSELL L. SUBLETT                                                   DEFENDANT

**MEMORANDUM OPINION**

After a trial on the merits, Defendant Russell L. Sublett was convicted on some, but not all, Counts alleged in the Indictment. Sublett filed a Motion for an Acquittal before sentencing. (Docket # 90). The prosecution responded. (Docket # 93). The Court now DENIES Sublett's Motion for an Acquittal.

**BACKGROUND**

The charges against Sublett arise from his actions on September 29, 2004, to October 2, 2004, including: a car chase where he was pursued by state police and federal law enforcement agents, a confrontation and standoff during which he carjacked a bystander's vehicle, another car chase, and a standoff at his former employer's residence which led to numerous instances of gunfire. Among the charges for which Sublett was convicted were the attempted murders of David Hayes, Gary Travis, Jeff Mayberry, William Payton, Eric Evans, or Larry Davis as he fired shots during the standoff. These charges were set out in Counts 10 and 12 of the Indictment, and Sublett was also convicted of the related possession of a weapon charges in Counts 11 and 13 of the Indictment.

At the time Sublett committed the acts which led to his conviction of attempted murder under Counts 10 and 12, Hayes was sheltered behind a brick pillar and could hear shot pellets

hitting the driveway. Travis was also hidden behind a pillar, but could see inside the house from which Sublett was shooting. Mayberry also took cover behind a pillar. Davis was located behind a police cruiser at the time the shots were fired. Evans was positioned behind a squad car near the entrance gate to the residence. Payton was also hidden behind cover during the time shots were fired. The officers heard shots being fired, saw the muzzle flashes from the guns firing in their direction, and heard pellets hitting the driveway, pillars, and ground near the police cruisers sheltering the officers. Other officers present on the scene confirm that shots did hit the pillars and land in the area the where Hayes, Travis, Mayberry, Payton, Evans, and Davis were located.

      The officers confirm that accuracy in shooting sheltered officers at a distance with the guns used by Sublett would be poor. Additionally, lights were shining into the house which would impair Sublett's view of the officers and his aim. The officers also confirm, as does photographic evidence, that Sublett shot many rounds inside the house to damage the furniture and structure of the building. During the trial, jurors were shown pictures and video of the standoff. The evidence showed the jurors that, during the standoff, Sublett spoke to the officers located on the premises, could see the officers and identify them, and could see the squad cars parked around the residence. The pictures also showed damage to law enforcement vehicles and pillars around the house which may have been caused by Sublett's shots. Furthermore, the evidence suggested Sublett's willingness to shoot at the officers.

      Sublett moved for judgment as a matter of law at trial, stating that the evidence presented by the prosecution was insufficient to support a reasonable jury verdict of conviction. The Court denied judgment as a matter of law and adopted the jury verdict. Sublett now moves for the Court to enter a judgment of acquittal based on his assertion that no reasonable jury could have

found that the prosecution presented evidence proving beyond a reasonable doubt that Sublett committed the acts set forth in Counts 10 and 12. In particular, Sublett claims that the prosecution failed to present evidence that Sublett had the requisite knowledge and mental state to satisfy the intent element of attempted murder. Additionally, Sublett claims that the prosecution failed to present evidence showing that Sublett took a substantial step toward the murder of the officers listed above.

## STANDARD

Rule 29(c) of the Federal Rules of Criminal Procedure allows a trial court to set aside a jury verdict and enter a judgment of acquittal when "after viewing the evidence in the light most favorable to the prosecution," the trial court finds that no rational trier of fact "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also United States v. Harrod*, 168 F.3d 887, 889-90 (6th Cir. 1999) (holding that the standard for reviewing a Rule 29 motion is to deny the motion "if the evidence, viewed in the light most favorable to the government, would allow a rational trier of fact to find the defendant guilty beyond a reasonable doubt"). The government must refrain from independently judging the credibility of witnesses or weight of the evidence. *United States v. Welch*, 97 F.3d 142, 148 (6th Cir. 1996). Circumstantial evidence may be sufficient to sustain a conviction. *United States v. Phibbs*, 999 F.2d 1053, 1064 (6th Cir. 1993). The granting of a motion for judgment of acquittal "will be confined to cases where the prosecution's failure is clear." *United States v. Connery*, 867 F.2d 929, 930 (6th Cir. 1989) (quoting *Burks v. United States*, 437 U.S. 1, 17 (1978)).

## ANALYSIS

Sublett supports his argument for acquittal by comparing the instant case to *Braxton v. United States*. 500 U.S. 344 (1991). In *Braxton*, law enforcement agents attempted to reach the defendant while he was inside a residence. On finding the door locked, they retrieved a key and unlocked the door. The door was also secured by a chain lock, but the agents kicked in the door to break the chain. As the door opened, the defendant shot the door just above the door handle. The agents again kicked the door, and the defendant again shot the door. The agents were not hit by the shots, nor did they cross through the area near the doorway where the bullet passed. The Supreme Court reversed the district and circuit courts' conviction and sentencing of the defendant for attempted killing based on the absence of a showing of the necessary intent and a substantial step. *Id.*

Sublett argues that the instant case is similar in that Sublett had difficulty seeing the agents and that he often hit the house, furniture, and other property, rather than the agents. Sublett argues that the guns used by Sublett would have little accuracy or danger of causing a lethal wound when fired outside from the house, making this a less compelling case than that in *Braxton*. For this reason, Sublett urges this Court to acquit him of the attempted murder and the related possession of a weapon charges alleged in Counts 10, 11, 12, and 13.

The prosecution persuades the Court that this matter is quite different from that in *Braxton*. Although the defendants' acts underlying the charges are similar, the procedure of the cases differs significantly. In *Braxton*, the defendant was not tried on the attempted killings before a jury. Instead, he stipulated to shooting and hitting the door, pleading guilty to charges against him. *Id.* The stipulations, however, did not contain sufficient language to establish the

defendant's intent to shoot *at the officers*, as opposed to at the door. Furthermore, because a trial was not conducted, a jury did not fully determine the exact factual scenario of the shooting in *Braxton*. The stipulations were unclear as to whether the shots were aimed in the direction of the law enforcement officers or elsewhere. Thus, it was impossible for the Court to find that a substantial step toward the attempted killing had been taken. *Id.*

By convicting Sublett of the attempted murders charged in Counts 10 and 12 of the Indictment, the jury necessarily determined the facts that Sublett had the requisite intent to kill one of the officers listed in the Counts and that Sublett took a substantial step by shooting toward them. The jury instructions presented by this Court fully explained to the jury these requirements to a conviction. The jury was provided a fuller evidentiary record on which to base their decisions than the brief stipulations given the Court in *Braxton*. Viewing the facts presented in favor of the prosecution, the Court finds that a rational jury could find beyond a reasonable doubt that Sublett intended to shoot and kill a law enforcement officer listed in Counts 10 and 12. From the evidence presented, the jury could also rationally conclude beyond a reasonable doubt that Sublett discharged his weapon at the officers, taking a substantial step toward their attempted murder. Because these convictions are upheld, the convictions under the related possession of a weapon charged in Counts 11 and 13 are also properly upheld.

## CONCLUSION

For the above reasons, Sublett's Motion for an Acquittal is DENIED.