UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00111-TBR
CRIMINAL ACTION NO. 1:04-CR-00037-TBR

RUSSELL L. SUBLETT                                                    MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                          RESPONDENT/PLAINTIFF

**Memorandum Opinion and Order**

This matter is before the Court upon Movant Russell Sublett's *pro se* motion to vacate a portion of his sentence pursuant to 28 U.S.C. § 2255. [DN 115.] This Court referred the matter to Magistrate Judge H. Brent Brennenstuhl for findings of fact, conclusions of law, and a recommendation. [DN 119.] The Magistrate Judge recommends that Sublett's motion be granted and that he be resentenced as to Counts Six and Seven of the second superseding indictment. [DN 121.] The United States filed objections to portions of the Magistrate Judge's report. [DN 122.] The Court must review *de novo* those portions of the Magistrate Judge's recommended disposition to which the United States objects. 28 U.S.C. § 636(b)(1)(C). After careful consideration of the United States' objections and the record, the Court agrees with the Magistrate Judge that based upon *Johnson v. United States*, __ U.S. ___, 135 S. Ct. 2551 (2015), Sublett must be resentenced as to Counts Six and Seven. Therefore, for the following reasons, Sublett's § 2255 motion to vacate his sentence [DN 115] is GRANTED.

## I. Facts and Procedural History

For the purposes of Russell Sublett's § 2255 motion, the facts are undisputed. On direct appeal, the Sixth Circuit summarized his case as follows:

> Sublett engaged in a multi-day stand-off at the house of his former employer, during which Sublett shot numerous times at state and federal law enforcement officers. As a result of his actions, Sublett was charged with seven counts of attempted murder of federal officers engaged in their official duties or persons assisting those federal officers in violation of 18 U.S.C. § 1114; one court of carjacking in violation of 18 U.S.C. § 2119; eight counts of using, carrying, brandishing, and discharging firearms during, and in relation to, the attempted murders and carjacking in violation of 18 U.S.C. § 924(c)(1)(A)(iii); one count of possessing a sawed-off shotgun in violation of 26 U.S.C. §§ 5861(d) and 5871; one count of being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1); and one count of possessing firearms while subject to a domestic violence order in violation of 18 U.S.C. §§ 922(g)(8) and 924(e)(1). Sublett pleaded guilty to being a felon in possession of firearms and possessing firearms while subject to a domestic violence order. He proceeded to trial on the remaining charges. Sublett was acquitted of two of the attempted murder counts, five of the § 924(c) counts, and the carjacking count. Sublett was sentenced to a total of 140 years of imprisonment and three years of supervised release.

[DN 108 at 1-2.]

At issue in Sublett's instant motion are his convictions under Counts Six and Seven of the second superseding indictment: being a felon in possession of a firearm, and possessing firearms while subject to a domestic violence order. During sentencing, the Court applied the Armed Career Criminal Act (ACCA) sentence enhancement as to these counts. In pertinent part, ACCA provides that "a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to a fifteen-year mandatory minimum sentence. 18

2

U.S.C. § 924(e)(1). The Court found that Sublett's multiple prior state convictions for first-degree wanton endangerment qualified as "violent felonies" because that offense "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B). The Court merged Counts Six and Seven, Sublett's § 922(g) charges, for sentencing and imposed the 180 month sentence mandated by ACCA on each count. Further, the Court directed that Sublett's ACCA sentence should run concurrent with each other, and concurrent to Sublett's 180 month sentence on the carjacking conviction. The Sixth Circuit affirmed Sublett's conviction and sentence on direct appeal. *See* [DN 108.]

Thereafter, the Supreme Court decided *Johnson v. United States*, __ U.S. ___, 135 S. Ct. 2551 (2015). The Court held that ACCA's "residual clause," the portion of § 924(e)(2)(B) under which Sublett was sentenced, is unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557. The parties agree that in light of *Johnson*, Sublett's prior convictions for wanton endangerment no longer trigger application of ACCA's fifteen-year mandatory minimum.

Based upon the Court's decision in *Johnson*, Sublett filed the instant motion, asking the Court to vacate his sentence as to Counts Six and Seven. *See* [DN 115.] The Magistrate Judge recommends that the Court grant Sublett's motion and resentence him on those counts. [DN 121 at 9.] The United States objects to the Magistrate Judge's recommendation, claiming that the Court should not entertain Sublett's motion because of the concurrent sentence doctrine. *See* [DN 122.]

3

Sublett did not respond to the United States' objection, and the time for doing so has passed. This matter is ripe for adjudication.

## II. Standard of Review

A prisoner may request that his sentence be set aside on the grounds that it was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction," but only "when the error qualifies as a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Slater v. United States*, 38 F. Supp. 2d 587, 589 (M.D. Tenn. 1999) (quoting *Reed v. Farley*, 512 U.S. 339 (1994)).

## III. Discussion

The sole issue before the Court is whether the concurrent sentence doctrine applies to Sublett's case such that he need not be resentenced as to Counts Six and Seven, even though his original sentence is constitutionally infirm. The concurrent sentence doctrine provides that the court "may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction." *Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989). The government correctly points out that the Court ran Sublett's 180 month ACCA sentence concurrent to his 180 month sentence for carjacking. Therefore, the government argues, it makes no difference whether the Court resentences Sublett under ACCA.

The Magistrate Judge concluded, however, that the concurrent sentence doctrine does not apply in Sublett's case because "resentencing . . . will remedy a constitutional infirmity regarding the sentence imposed on Counts 6 and 7." [DN 121 at 7.] Further, the Magistrate Judge noted that the Court ordered Sublett to pay a special penalty assessment of $1200 – $100 for each count of conviction, including one special penalty for the two merged gun possession crimes. [*Id.* at 8.] "Inasmuch as Sublett's liability to pay the $1200 total depends on the validity of each of his 13 convictions," the Magistrate Judge held, "the sentences are not concurrent." [*Id.*]

For several reasons, the Court agrees with the Magistrate Judge. First, the concurrent sentence doctrine is a limited and discretionary one. "A court should exercise its discretion not to review an issue where it is clear that there is no collateral consequence to the defendant and the issue does not otherwise involve a significant question meriting consideration." *United States v. Hughes*, 964 F.2d 536, 541 (6th Cir. 1992) (citing *Dale*, 878 F.2d at 935 n.3). Here, the question under consideration is no less significant than Sublett's right to be free from an unconstitutional sentence. Review would likely be warranted on this ground alone. Additionally, both the Supreme Court and the Sixth Circuit have held that the concurrent sentencing doctrine does not apply when the sentencing court assesses a special penalty. *Ray v. United States*, 481 U.S. 736 (1987) (per curiam); *United States v. Ware*, 282 F.3d 902, 906 (6th Cir. 2002); *United States v. Wade*, 266 F.3d

547, 579 (6th Cir. 2001).[1] Finally, the Court is not convinced that Sublett will not suffer any future "adverse collateral consequences" should the unconstitutional portion of his sentence not be vacated, as it must be to apply this doctrine. *United States v. Davis*, 547 F.3d 520, 529 (6th Cir. 2008).

### IV. Conclusion and Order

The Court agrees with the Magistrate Judge that, in light of *Johnson* and its progeny, Sublett's sentence as to Counts Six and Seven of the indictment was unconstitutional and cannot be allowed to stand. Accordingly, IT IS HEREBY ORDERED:

(1) The Court ADOPTS the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation [DN 121] and OVERRULES the United States objections to the same [DN 122];

(2) Sublett's motion to vacate his sentences as to Counts Six and Seven of the second superseding indictment [DN 115] is GRANTED.

By separate order, the Court will schedule a hearing for Sublett's resentencing.

CC: Counsel of Record
Movant/Defendant, *pro se*

---

[1] The United States seeks to distinguish Sublett's case from *Ware* and *Wade*, arguing that because Sublett is challenging only his sentence, not his conviction, the special assessment will not change. Although its argument is convincing, the Sixth Circuit has clearly stated that "the [concurrent sentence] doctrine cannot be applied when the district court assesses a monetary charge on a defendant," *Wade*, 266 F.3d at 579, and this Court is bound by that interpretation of *Ray*.