IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>RUSSELL L. SUBLETT )<br>)<br>)<br>)<br>) | Case No. 1:04-CR-37 (TBR) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Russell L. Sublett's *pro se* Motion for Compassionate Release, (Mot.), Dkt 146. The Government has responded, (Resp.), Dkt. 151. The time for Sublett to reply has elapsed. For the reasons stated herein, Sublett's Mot., Dkt. 146, is **DENIED**.

**I.    FACTUAL BACKGROUND**

The Sixth Circuit previously summarized the facts of Sublett's case as follows:

Sublett engaged in a multi-day stand-off at the house of his former employer, during which Sublett shot numerous times at state and federal law enforcement officers. As a result of his actions, Sublett was charged with seven counts of attempted murder of federal officers engaged in their official duties or persons assisting those federal officers in violation of 18 U.S.C. § 1114; one count of carjacking in violation of 18 U.S.C. § 2119; eight counts of using, carrying, brandishing, and discharging firearms during, and in relation to, the attempted murders and carjacking in violation of 18 U.S.C. § 924(c)(1)(A)(iii); one count of possessing a sawed-off shotgun in violation of 26 U.S.C. §§ 5861(d) and 5871; one count of being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1); and one count of possessing firearms while subject to a domestic violence order in violation of 18 U.S.C. §§ 922(g)(8) and 924(e)(1). Sublett pleaded guilty to being a felon in possession of firearms and possessing firearms while subject to a domestic violence order. He proceeded to trial on the remaining charges. Sublett was acquitted of two of the attempted murder counts, three of the § 924(c) counts, and the sawed-off shotgun count. He was convicted of five of the attempted murder counts, five of the § 924(c) counts, and the

carjacking count. Sublett was sentenced to a total of 140 years of imprisonment and three years of supervised release.

*United States v. Sublett*, No. 07-5668, at 1–2 (6th Cir. Jul. 22, 2008) (order).

Sublett now seeks compassionate release, citing the COVID-19 pandemic and the First Step Act to support his motion. *See* Mot. at 5.

## II.     LEGAL STANDARD

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

In considering a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), a district court shall engage in a "three-step inquiry." *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *1 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.' " *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.' " *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 . . . [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act," U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). Congress provided no statutory definition of "extraordinary and compelling reasons" in section 3582(c)(1)(A). *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *1 (E.D. Ky. Dec. 29, 2020) (quoting 28 U.S.C. § 994(t)). Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section.

This policy statement describes four categories of extraordinary and compelling reasons. The first three relate to an inmate's serious medical conditions, age, and status as a caregiver. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term

4

of imprisonment, whichever is less." *Id.* The last category is a catch-all provision titled "Other Reasons," which reads: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, cmt. n.1(D).

After considering whether extraordinary and compelling reasons warrant a sentence reduction and whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, the district court proceeds to the third and final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *Elias*, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1101); *Jones*, 980 F.3d at 1108.

### III. DISCUSSION

The Court begins with the issue of whether Sublett has exhausted his administrative remedies. Sublett claims that he submitted a request for compassionate release to the warden on September 3, 2021, but that he did not receive a response within a month. *See* Mot. at 3. Nevertheless, the Government argues that Sublett did not exhaust his administrative remedies because the Bureau of Prisons General Counsel advised that it has no record of Sublett's seeking such relief. *See* Resp. at 3. The Government also points out that Sublett did not attach copies of any request or the warden's decision to his motion. *See id.*

Sublett cannot satisfy his exhaustion burden without any proof of correspondence with the warden, especially considering the Government's statements regarding the BOP General Counsel. Other courts in the Sixth Circuit have denied motions for compassionate release where the inmate similarly failed to provide evidence of exhaustion of administrative remedies. *See,*

*e.g.*, *United States v. Anderson*, No. 3:98-CR-00038, 2020 WL 6119923, at *4 (M.D. Tenn. Oct. 16, 2020) (collecting cases); *United States v. Stephens*, No. 16-20677-14, 2020 WL 4047924, at *2 (E.D. Mich. July 20, 2020); *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019); *United States v. Lewis*, No. 1:18-CR-123-2, 2020 WL 6827498, at *3 (S.D. Ohio Nov. 21, 2020).

However, even if Sublett had exhausted his administrative remedies, the Court could not grant his motion for compassionate release on the record before it. Sublett's request for compassionate release is not based on extraordinary and compelling reasons. Sublett's risk of contracting COVID-19 is greatly diminished by the fact that, according to medical records, he has received two doses of the Pfizer vaccine. *See* Medical Records, Ex. A, Dkt. 153, at 88. Similarly, Sublett's claim regarding the First Step Act's elimination of the § 924(c) stacking provisions does not give rise to extraordinary and compelling reasons. *See United States v. McKinnie*, 24 F.4th 583 (6th Cir. 2022).

Furthermore, the § 3553(a) factors weigh against relief. Sublett was convicted of extremely serious firearms and violent crimes offenses—including the attempted murder of multiple law enforcement officials. *See United States v. Sublett*, No. 07-5668, at 1–2 (6th Cir. Jul. 22, 2008) (order). Even if Sublett had exhausted his administrative remedies, and even if Sublett had shown extraordinary and compelling reasons, the Court still would not reduce Sublett's sentence.

## IV. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Russell Sublett's Motion for Compassionate Release, Dkt. 146, is **DENIED**.

**IT IS SO ORDERED**

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 16, 2022

cc: Russell L. Sublett
09482-033
MEMPHIS
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 34550
MEMPHIS, TN 38184
PRO SE